BANK OF MAGAZINE v. FRIDDLE.

Opinion delivered February 25, 1929.

*Evans & Evans*, for appellant.

*U. C. May* and *J. O. Johnson*, for appellees.

SMITH, J. Appellees brought suit and recovered judgment against the appellant bank for the face value of checks drawn in their favor on appellant bank by one Doran in payment of cattle which they had sold Doran. The testimony on their behalf was to the effect that Doran was about to ship a carload of cattle, which the plaintiffs were ready to attach, but did not attach because the cashier of the bank agreed to accept and pay checks drawn in plaintiffs' favor by Doran. In submitting this issue the court charged the jury as follows:

"If you find from a preponderance of the testimony that Mr. Kyle, cashier of the Bank of Magazine, agreed with the plaintiff Heathcoate that the Bank of Magazine would pay the checks for the purchase price of said cattle, when they were about to be attached, and if you find that that was for the benefit of the bank that the checks should be paid; then the bank would be liable. If you do not so find, the Bank of Magazine would not be liable."

The cashier of the bank denied that he agreed to accept and pay the checks, but the verdict of the jury in plaintiffs' favor is conclusive of this issue of fact.

However, the undisputed testimony is to the effect that the agreement of the cashier to accept and pay the checks was an oral one, and it is upon this acceptance that the suit is predicated.

At common law an oral acceptance of a bill or check was sufficient to bind the drawee, but this has been changed by the Negotiable Instruments Law, appearing as §§ 7760 *et seq.*, C. & M. Digest.

Section 132 of the Negotiable Instruments Law, which appears as § 7898, C. & M. Digest, provides that: "The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing, and signed by the drawee. It must not express that the drawee will perform his

promise by any other means than the payment of money."

Section 185 of the Negotiable Instruments Law, which appears as § 7951, C. & M. Digest, reads as follows: "A check is a bill of exchange drawn on a bank, payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

It appears therefore that the acceptance of a check must be in writing, and signed by the drawee.

In volume 1, page 5, Paton's Digest of Legal Opinions as general counsel of the American Bankers' Association, it is said:

"At common law an oral acceptance was valid, but one of the requirements of the Negotiable Instruments Act is that 'an acceptance must be in writing and signed by the drawee' (Section 132). The Negotiable Instruments Act has been passed in every State in the Union. It follows that an oral acceptance of a bill of exchange or check is not now valid in any State in this country."

An indefinite number of cases in all of the States support this statement of the law. To hold the bank liable upon the oral acceptance of the cashier would be to restore the common law and to disregard the above quoted statute.

The judgment must therefore be reversed, and, as the case appears to have been fully developed, it will be dismissed.